# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY FORREST,**

        **Plaintiff,**

v.                                                                                  **Case No. 06-C-445**

**UNIVERSAL SAVINGS BANK F.A.,**

        **Defendant.**

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff, Mary Forrest ("Forrest"), filed a complaint against Universal Savings Bank, F.A. ("Universal") on April 6, 2006. Forrest alleged Universal sent her a credit offer that was not a "firm offer" under the statutory definition of the Fair Credit Reporting Act ("FCRA"); therefore, Universal was not authorized to access information from Forrest's credit report. Universal filed a Federal Rules of Civil Procedure 12(b)(6) Motion to Dismiss for failure to state a claim. The parties have consented to the exercise of full jurisdiction by a magistrate judge.

### FACTUAL SUMMARY

Forrest alleges in November 2005 she received a solicitation from Universal. (P.'s Br. Opp. Def.'s Mot. Dismiss, 1). The offer stated Forrest was pre-qualified for Upfront Rewards Visa Platinum Card. (Def.'s Mot. Dismiss, 2; See Compl. Ex. A at 3). A letter, enclosed in the offer, stated Forrest will be eligible only if she transfers $5,000 of qualifying balances to the Visa Platinum Card and maintains a balance of $3,500 for at least eighteen months. (Def.'s Mot. Dismiss, 2; See Compl. Ex. A at 3). The letter also states Forrest is eligible for a credit line of up to $15,000, no annual fee and 10.99% variable APR. (Def.'s Mot. Dismiss, 2; See Compl. Ex. A at 3). On the reverse side of this letter there was a disclosure information regarding the credit terms of

the offer. (Def.'s Mot. Dismiss, 2; See Compl. Ex. A at 3). Finally, the letter advised Forrest to apply by mail, telephone or by way of a website. (Def.'s Mot. Dismiss, 2; See Compl. Ex. A at 3).

Forrest alleges Universal used information from credit reporting agency in sending this offer. (P.'s Br. Opp. Def.'s Mot. Dismiss, 1-2). Forrest also alleges the offer did not state the minimum amount of credit offered, which was an essential term required by FCRA. (P.'s Br. Opp. Def.'s Mot. Dismiss, 2). As such, Forrest contends the mailing had no value, making this offer a mere business solicitation. (P.'s Br. Opp. Def.'s Mot. Dismiss, 2). Forrest further contends that since she had not authorized Universal to obtain, access or use Forrest' her consumer report and, because this was a mere business solicitation, the FCRA did not permit Universal to access Forrest's credit report. (P.'s Br. Opp. Def.'s Mot. Dismiss, 2).

Universal contends the offer sent to Forrest met the statutory definition of "firm offer." (Def.'s Mot. Dismiss, 1). Furthermore, Universal alleges the FCRA allowed Universal to send conditioned pre-screened offers; there was a minimum amount of credit offered, even though the FCRA does not require this information; and the offer did have value. (Def.'s Mot. Dismiss, 1). Therefore, Universal contends Forrest failed to state a claim and her action should be dismissed. (Def.'s Mot. Dismiss, 1).

**MOTION TO CITE ADDITIONAL AUTHORITY**

On August 31, 2006, Forrest filed a Motion For Leave to Cite Additional Authority, citing Johnson v. Juniper Bank, 06-CV-013, (E.D. Wis. Aug. 29, 2006). Johnson was decided after Forrest submitted her Brief in Opposition to Defendant's Motion to Dismiss. Since the court is able to take judicial notice of Johnson, the motion will be granted.

Universal also submitted several cases citing supplemental authority subsequent to filing its Reply in Support of Motion to Dismiss. The court will take judicial notice of these cases.

## MOTION TO DISMISS STANDARD

A complaint can be dismissed if plaintiff cannot prove a set of facts, beyond a doubt, "which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This court must accept well-pleaded allegations of the complaint as true and any doubts or ambiguities concerning the sufficiency of a claim must be resolved in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of the facts are accurate, he has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir .1999).

## FAIR CREDIT REPORTING ACT

The FCRA defines "firm offer of credit" as "any offer of credit… to a consumer that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the consumer for the offer, except that the offer may be further conditioned." 15 U.S.C. § 1681a(l) (2006). Those exceptions include obtaining information from a credit report to ensure the consumer meets pre-determined specific criteria and verification that the consumer continues to meet pre-determined criteria. Id. at §1681a(l) (1)-(2).

In her complaint, Forrest sets forth three reasons why Universal violated the FCRA: i) the initial credit limit was conditioned on whether the recipient met established credit and income standards; (ii) there is no minimum amount of credit offered; and (iii) the offer had no value. Therefore, this court must determine whether the offer Universal sent Forrest meets the FCRA's statutory definition of "firm offer of credit." This court will determine this by examining each of Forrest's allegations in turn.

## Conditions

The FCRA allows creditors to obtain credit reports if creditors extend a firm offer of credit. 15 U.S.C. §1681b. A firm offer is defined as any offer that will be extended if, based on information in consumer's report, the consumer meets predetermined criteria. Section 1681a(l) (2006). Furthermore, that offer can be conditioned on consumer's application and verification that the consumer continues to meet pre-determined criteria. Section 1681a(l)(1)-(2). A firm offer really only means firm pending a consumer passing pre-determined criteria. Kennedy v. Chase Manhattan Bank, USA, N.A., 369 F.3d 833, 841 (2004).

Therefore, Forrest's contention that the Universal's offer was conditioned on whether she met certain criteria is accurate, as long as Universal complied with its pre-determined criteria. There are no allegations Universal did not have this pre-determined criteria in place, nor followed through once an application was made.

## Minimum Amount of Credit Offered

Forrest alleges that unless the consumer knows that a credit line of $5,000 will be given, the offer is illusory. Universal alleges the mailing did disclose a $5,000 pre-qualified minimum balance offer. Furthermore, Universal points to the cover letter of the mailing, which indicated Forrest was eligible when she would transfer $5,000 in qualifying balances. Forrest alleges that because this is a motion to dismiss, all well pleaded allegations, which are ambiguous, are to be resolved in favor of pleader.

The case law in this area continues to develop, and none of the cases put forward by either party is exactly the type of offer that is presented here. As can be seen from the cited cases, these offers must be evaluated on a case by case basis in order to determine whether one could infer from the mailing that a creditor meant to give the consumer a minimum credit offer. In the case at hand,

-4-
Case 2:06-cv-00445-AEG    Filed 12/01/06    Page 4 of 7    Document 30

the offer does not explicitly state that "consumer is offered $ X at a minimum." However, based on the language in the cover letter and in the mailing itself, a consumer could reasonably infer that $5,000 was the minimum amount Universal was offering. For example, the cover letter states Forrest "will be automatically eligible to receive [a] computer when you transfer $5,000 of qualifying balances to your Upfront Rewards Visa." Compl. Ex. A at 4. There is no ambiguity in the fact that Universal was offering a line of credit.

In regard to an offer of a minimum credit line, Universal contends Forrest's claim fails because the FCRA does not require a disclosure of the minimum credit line. See 15 U.S.C. § 1681m(d) (2006). The list of disclosures under the FCRA include disclosure that the creditor used consumer's credit report and consumer is receiving this offer because consumer meets pre-determined criteria, among other things. Id. This section does not require the creditor to provide a statement of minimum credit. Forrest, in her response to Defendant's Motion to Dismiss, fails to point to a specific section of the FCRA to rebut Universal's contention. Even under the FCRA's definition of "firm offer," there is no requirement of minimum credit that must be offered. See §1681a(e).

**Whether Offer Had Value**

Forrest alleges Universal's offer lacks value. In support, Forrest cites a Seventh Circuit case which states that if an offer is nothing more than a solicitation for business, this is not a permissible purpose for accessing a consumer's credit report. See Cole v. U.S. Capital, Inc. 389 F.3d 719 (7th Cir. 2004). Forrest submits that Universal was simply selling a product, not extending credit.

To determine whether the offer holds value to Forrest, Universal relies on Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006). The Murray court explains that "to separate the use of credit data to sell products (forbidden) from the use of credit data to make firm offers of credit

(allowed), . . . a court must determine whether the offer has value as an extension of credit alone." Id. at 955. Furthermore, in analyzing the offer, courts have observed that an offer lacks value when the terms are so "onerous as to deprive offer of any appreciable value." Murray v. New Cingular Wireless Services, Inc., No. 04-C-7666, 2006 WL 1453938, *3 (N.D. Ill. May 22, 2006).

Forrest relies heavily on Cole in which an auto dealer's offer was held to be a sham used to pitch a product. Cole, 389 F.3d 719. The Cole court emphasized Congressional intent that a consumer's credit report could not be accessed for "catalogs and sales pitches." Cole, at 726-27. In that regard, the GMAC court restated its holding in Cole that a sham offer used to pitch a product rather than extend credit does not meet the definition of "firm offer." GMAC, at 955.

Forrest alleges that in view of the amount of interest and finance charges a consumer would pay on the credit card debt incurred by transferring qualifying balances, the consumer would virtually pay for the "free" computer. Accordingly, Universal was not offering credit, but rather trying to sell a product, in contravention of the definition of firm offers interpreted by the Cole court. In response, Universal submits that the credit card had value and therefore, it was not simply attempting to sell a computer.

There is no doubt that Universal was attempting to entice particular consumers to obtain its credit card, but the offer of a computer does not negate the existence of value in the card itself. To sway consumers to obtain its card, Universal did offer credit, no annual fee, and a competitive interest rate. In other words, it offered value which was related to the extension of credit. Parenthetically, at least one court has held a credit card has value because it can be used at retail establishments. Perry v. First Nat'l Bank, 459 F.3d 816, 825 (7th Cir. 2006). Therefore, according to its terms, Universal's offer had value as an extension of credit.

## CONCLUSION

It is the court's job to determine whether the offer, within the four corners of the document sent to consumer, satisfies the statutory definition. Murray, 434 F.3d at 956. Based on the information presented in the complaint, including Exhibit A, it does appear Universal sent Forrest a "firm offer" of credit within the statutory definition of the FCRA. Forrest has alleged Universal could not access her credit report, citing the FCRA, because there was no firm offer of credit sent; Forrest has not alleged any other wrongdoing by Universal. This court has concluded that the FCRA does not require a minimum credit line to be an explicit disclosure and that this particular offer had value. Therefore, this offer meets the statutory definition, which allows Universal to access Forrest's credit report to determine creditworthiness. Hence, this court will grant Universal's motion to dismiss Forrest's complaint.

**IT IS THEREFORE ORDERED** that Forrest's motion to cite additional authority is **granted**, and the court takes judicial notice of the cases put forth by Universal.

**IT IS FURTHER ORDERED** that Universal's Motion to Dismiss is **granted**.

The clerk shall enter judgment dismissing the plaintiff's complaint and this case with prejudice.

Dated at Milwaukee, Wisconsin this 1st day of December, 2006.

        BY THE COURT:

        s/Aaron E. Goodstein
        AARON E. GOODSTEIN
        U.S. Magistrate Judge